UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GLORIA HILL, Personal Representative of the Estate of ALFRED HILL, JR., Deceased, <br><br> Plaintiff, <br><br> v. <br><br> AMER AL FATLAWI, AQEEL ALZIRGANY, LOLO TRUCKING, INC., PROGRESS FREIGHT LLC, CHRISTOPHER LYLES, and HOBBY LOBBY STORES, INC. <br><br> Defendants. <br><br> HOBBY LOBBY STORES, INC., <br><br> Crossclaim Plaintiff, <br> v. <br><br> LOLO TRUCKING, INC. and AMER AL FATLAWI, <br><br> Crossclaim Defendants. | CASE NO.:  1:23-cv-00558-RLY-MKK |

**HOBBY LOBBY STORES, INC. AND CHRISTOPHER LYLES' ANSWER, AFFIRMATIVE DEFENSES, AND CROSSCLAIM**

Defendants, Hobby Lobby Stores, Inc. and Christopher Lyles, by counsel, for their Answer to Plaintiff's Complaint, state as follows:

**STATEMENT AND JURISDICTION**

1. Defendants deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendants deny Morgan County, Indiana is the only appropriate jurisdiction and venue, but admit the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

## **FIRST CAUSE OF ACTION**

NEGLIGENCE OF TRUCK DRIVER

3. Defendants adopt and reallege their answers to paragraphs 1 and 2 of Plaintiff's Complaint as though fully set forth herein.

4. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendants deny Christopher Lyles was negligent and are without sufficient information to admit or deny the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendants admit only those duties owed under Indiana law and deny any allegation contained in paragraph 6 of Plaintiff's Complaint inconsistent therewith.

7. Defendants deny the allegations as directed against Christopher Lyles, and are without sufficient information to admit or deny the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendants deny the allegations as directed against Christopher Lyles, and are without sufficient information to admit or deny the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendants deny the allegations as directed against Christopher Lyles, and are without sufficient information to admit or deny the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

### NEGLIGENCE PER SE OF TRUCK DRIVER

11. Defendants adopt and reallege their answers to paragraphs 1 through 10 of Plaintiff's Complaint as though fully set forth herein.

12. Defendants deny the allegations as directed against Christopher Lyles, and are without sufficient information to admit or deny the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations as directed against Christopher Lyles, and are without sufficient information to admit or deny the remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations as directed against Christopher Lyles, and are without sufficient information to admit or deny the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

### RESPONDEAT SUPERIOR OF TRUCK COMPANY

15. Defendants adopt and reallege their answers to paragraphs 1 through 14 of Plaintiff's Complaint as though fully set forth herein.

16. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendants deny Christopher Lyles was negligent, but admit the remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

WHEREFORE, Defendants, Hobby Lobby Stores, Inc. and Christopher Lyles, by counsel, pray that Plaintiff take nothing by way of the Complaint, for the costs of this action, and all other just and proper relief.

**LEWIS WAGNER, LLP**

By: */s/Katherine S. Strawbridge*
KATHERINE S. STRAWBRIDGE, #30123-49
MACIE L. HINEN, #36847-49
***Counsel for Hobby Lobby Stores, Inc. and Christopher Lyles***

### AFFIRMATIVE DEFENSES

Defendants, Hobby Lobby Stores, Inc. and Christopher Lyles, by counsel, in response to Plaintiff's Complaint, allege and state the following affirmative defenses:

1. Plaintiff's claim should be barred or reduced as a result of Plaintiff's decedent's own comparative fault, including but not limited to failure to mitigate any incurred risk.

2. Plaintiff's decedent incurred or assumed the risk of his alleged injuries and damages, and Plaintiff's claims should be barred or reduced proportionately.

3. Plaintiff and/or Plaintiff's decedent has failed to mitigate their damages, including any failure to submit charged medical expenses to Medicare, Medicaid, worker's compensation carrier, or a private health insurer capable of satisfying the charged expenses for a reduced amount.

4. For further response to Plaintiff's Complaint, Defendants specifically reserve the right to introduce into evidence proof of collateral source payments received by or on behalf of the Plaintiff or Plaintiff's decedent pursuant to the applicable provisions of I.C. 34-44-1-1, et seq., in the event it is subsequently determined that such payments were made and are an appropriate matter for consideration by the jury.

5. That any and all damages and injuries complained of were proximately caused, in whole or in part, by the negligence and/or fault of unknown non-parties.

6. Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed.

7. Some or all of Plaintiff's alleged personal injuries may have been pre-existing or caused by another accident or traumatic event.

8. Some or all of Plaintiff's medical expenses may have been reduced by write-offs, set-offs, and/or adjustments in accordance with *Stanley v. Walker* and/or *Patchett v. Lee*.

9. Plaintiff and/or Plaintiff's decedent may have been fully or partially compensated for their injuries and/or damages by third parties.

10. If these Defendants are found responsible for any portion of Plaintiff's alleged damages, which these Defendants deny, the comparative fault of Plaintiff's decedent reduces or bars recovery of Plaintiff's damages in accordance with the proportionate degree of fault or the fault of others, including but not limited to co-defendants in this case.

11. Defendant Christopher Lyles encountered a sudden emergency not of his own making, and thus, the sudden emergency doctrine is applicable to this case in considering Defendant's actions and faults, if any.

12. Plaintiff's exclusive remedy is worker's compensation.

13. Defendants hereby reserve the right to assert any additional affirmative defenses, as they may become known through the course of discovery.

WHEREFORE, Defendants, Hobby Lobby Stores, Inc. and Christopher Lyles, by counsel, pray that Plaintiff take nothing by way of the Complaint, for the costs of this action, and all other just and proper relief.

**LEWIS WAGNER, LLP**

By: */s/Katherine S. Strawbridge*
KATHERINE S. STRAWBRIDGE, #30123-49
MACIE L. HINEN, #36847-49
***Counsel for Hobby Lobby Stores, Inc. and Christopher Lyles***

## HOBBY LOBBY STORES, INC.'S CROSSCLAIM AGAINST LOLO TRUCKING, INC.

Comes now Defendant/Crossclaim Plaintiff, Hobby Lobby Stores, Inc., by counsel, and for its Crossclaim against Lolo Trucking, Inc., states as follows:

1. This is a civil action within the Court's original jurisdiction under 28 U.S.C. § 1332 as the amount in controversy in the Crossclaim exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

2. The claims in the Crossclaim are also so related to the claims in the underlying action that they form part of the same case or controversy and the Court should extend supplemental jurisdiction under 28 U.S.C. § 1367.

3. At all times relevant, Hobby Lobby Stores, Inc. ("Hobby Lobby") was an Oklahoma corporation with its principal place of business in Oklahoma.

4. At all times relevant, Lolo Trucking, Inc. was a Michigan corporation with its principal place of business in Michigan.

5. On June 9, 2021, at approximately 11:57 p.m., Amer Al Fatlawi ("Fatlawi") was operating a tractor-trailer eastbound on I-70 in Morgan County, Indiana.

6. At all times relevant, Fatlawi was acting within the course and scope of his employment with Lolo Trucking, Inc.

7. Lolo Trucking, Inc. is liable under the doctrine of respondeat superior for any negligent acts and omissions, as well as damages resulting from any negligent acts or omissions, of Fatlawi committed within the course and scope of his employment.

8. On June 9, 2021 at approximately 11:57 p.m., the negligent conduct of Fatlawi in the operation of the tractor-trailer was a cause of a collision between with the tractor-trailer being operated by Hobby Lobby's employee, Christopher Lyles.

9. At said date and time, Fatlawi was negligent in the operation of the tractor-trailer, including but not limited to failing to use reasonable care, failing to maintain proper control of his vehicle, failing to keep a proper lookout, driving at a unreasonable speed under the circumstances, changing from one traffic lane to another when the movement could not be made with reasonable safety, and failing to yield the right of way.

10. As a result of Fatlawi's negligent conduct, Hobby Lobby sustained damages, including but not limited to the total loss of its tractor, damage to its trailer, damages associated with the loss of use of the tractor and trailer, and wrecker and storage costs.

11. To date, Hobby Lobby's damages total at least $182,265.21 and may continue to increase with the passage of time.

WHEREFORE, Defendant/Crossclaim Plaintiff, Hobby Lobby Stores, Inc., by counsel, pray the Court enter judgment against Lolo Trucking, Inc. for compensatory damages in an amount sufficient to remedy the harms to Hobby Lobby Stores, Inc., for interest and costs, for a trial by jury on all issues, and for all other just and proper relief.

**LEWIS WAGNER, LLP**

By: */s/Katherine S. Strawbridge*
KATHERINE S. STRAWBRIDGE, #30123-49
MACIE L. HINEN, #36847-49
*Counsel for Hobby Lobby Stores, Inc. and Christopher Lyles*

### CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2023, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

Bradford Smith
KEN NUNN LAW OFFICE
104 South Franklin Road
Bloomington, IN 47404
brads@kennunn.com
*Counsel for Plaintiff*

Jeffrey L. Hansford
BOEHL, STOPHER & GRAVES
400 Pearl Street, Suite 204
New Albany, IN 47150
(812) 948-5053
jhansford@bsg-in.com
*Counsel for Lolo Trucking, Inc.,
Amer Al Fatlawi, and Aqeel Alzirgany*

By: */s/Katherine S. Strawbridge*
KATHERINE S. STRAWBRIDGE, #30123-49

LEWIS WAGNER, LLP
1411 Roosevelt Avenue
Suite 102
Indianapolis, IN 46201
Telephone:   317-237-0500
Facsimile:   317-630-2790
kstrawbridge@lewiswagner.com
mhinen@lewiswagner.com